## JENKINS *et. al. v.* EMERY.

UNDERTAKING.—Appeal from Justice's Courts. The legislature, in requiring a given undertaking, on appeal from justice's courts, and then proceeding to provide a form for it, intends to provide through the form for all that the instrument should contain, and when it also declares that the undertaking may follow the given form, it in express terms declares the sufficiency of the form.

IDEM.—The statute requires the justice to approve the undertaking before allowing the appeal; this means that he must pass upon the sufficiency of the undertaking, both as to form and the qualifications of the surety, and his approval of the instrument is an affirmation that the surety is qualified; if this appears in the record, the affirmation appears there. The fact that the justice allowed the appeal shows affirmatively by the record, that he approved the undertaking.

ERROR to the District Court for Laramie County.

This action was commenced before John Slaughter, a justice of the peace, in and for Laramie County, on an account

for services rendered by W. P. Carroll as attorney. Judgment was rendered in favor of Emery, the assignee of Carroll's claim, for one hundred dollars and costs, whereupon plaintiff in error appealed to the district court. A motion was there made to dismiss the appeal on the ground of a defective undertaking, and the fact that the undertaking was not shown by the transcript of the justice to have been approved; the motion was sustained, the appeal dismissed, and the judgment of the justice affirmed thereby.

*Johnson & Potter*, for plaintiffs in error.

The justice's code requires the justice to approve the undertaking, and that approval is necessarily made before the appeal can be allowed. · Hence, whether the justice had formally written the word approved or not, was immaterial. If he as a matter of fact approved it, the word approved need not be endorsed. It is the fact that is important.

The fact that the appeal was allowed is conclusive ·that he deemed the undertaking sufficient and approved it. The presumption must be in favor of the regularity of his action, and that in his proceedings he complied with the law. Every person is presumed to conform to the law, and its violation must be shown affirmatively. Surely a justice of the peace is entitled to the same presumption. *Levi* v. *Darling*, 28 Ind., 497; *Prasky* v. *West*, 8 Smed. & M. (16 Miss.) 711.

The objection that the undertaking did not, on its face, show the surety to be a "resident of the county and property holder therein," is not tenable, because while the law requires that qualification, it expressly provides that it is not necessary·such declaration should appear in the undertaking. Laws of '71, pages 35 and 36; Drake on Attachment, sec. 135.

The principal objection to the undertaking, that it did not state a maximum liability, is equally untenable. The legislature has expressly provided a form which it declares is sufficient. Laws of '71, page 36; and in fact the form

should be followed when one is prescribed. *McIntyre* v. *White*, 5 How., (Miss.) 298; *Amos* v. *Allnut*, 2 Smed. & M., 215; *Prosky* v. *West*, 8 Ibid, 711.

A substantial compliance with the laws is sufficient. See *Ex parte Esterbrook*, 5 Cow., 27; *Doolittle* v. *Dinsey*, 31 N. Y., 355; 2 Montana, 508; 4 Wis., 96, 1 Ohio, 170; 3 Ohio, 103; 5 Oregon.

*W. P. Carroll*, for defendant in error.

The undertaking must show that the justice approved it. It must also show that the surety was a resident of the county and a property holder therein. The provisions of the statute must be strictly complied with.

PECK, J. This case was brought in a justice's court by Emery against the Jenkinses; judgment was rendered for him, and they appealed. In the district court Emery moved to dismiss the appeal on the grounds that the undertaking was not given for a sum certain; that it did not appear that the surety was a resident and property holder within Laramie county, the county of the suit; nor that the justice had approved of the undertaking.

These objections involve the construction of section sixty-seven, taken in connection with sections sixty-eight, sixty-nine, and two hundred and three of the Justice's Code of December 16, 1876, contained in the Compilation. These sections provide that the appellant shall execute an undertaking to the appellee, with at least one surety, "to be approved by the justice," in a sum not less than fifty dollars, nor less than double the amount of the judgment and costs, conditioned that the appellant will prosecute his appeal to effect, and without unnecessary delay; and, if judgment be rendered against him on the appeal, or his appeal be dismissed, that he will satisfy the judgment and costs; that the undertaking may be as follows:

A. B. ⎱ "We, A. B. as principal, and C. D. as surety,
E. F. ⎰ undertake and promise E. F. (the opposite party) that the appellant shall prosecute his appeal to effect and

without unnecessary delay, and that if judgment be rendered against the appellant, or his appeal be dismissed, he shall satisfy said judgment and costs."

Dated,........................ ..............................

That any person may be recited as principal in the undertaking, in the absence of the party, varying the form of the undertaking to meet the case ; that the surety must be a resident and property holder within the county ; and, in section two hundred and three, that he shall make affidavit that he has a sufficient amount of property over all exemptions and liabilities ; that, " before the justice shall allow an appeal," he shall require the appellant or his agent to make an affidavit containing certain particulars ; that, the appeal being allowed, the justice shall send to the district court a certified  transcript of all his docket entries, and the undertaking, affidavit and other original papers on file before him in the case, with a certificate showing that they are all the original papers so on file ; and shall at the same time recall the execution, issued upon the judgment.  These are the only statutory provisions on the subject.  As to the objection that the undertaking was not given for a specific sum, it must be assumed that the legislature, in requiring a given undertaking, and then proceeding to provide a form for it, intends to provide through the form for all that the instrument should contain, and declares that an undertaking, found after the form, will suffice ; and when it also declares that the undertaking may follow the given form, it in express terms declares the sufficiency of the form.  But a comparison of the different parts of section sixty-seven, the section which defines the undertaking, shows that the form must govern, in order to accomplish the primary purpose of the section, which is to provide adequate security upon the appeal.  An undertaking found according to the part of the section that precedes the form, would contain a condition, often of itself covering a sum larger than the penalty, but which would be limited in its legal effect in the penal clause.  Such an un-

dertaking would frustrate the purpose of the section; the undertaking, limited to the condition, that is, omitting the penal clause and retaining the condition, would accomplish the purpose; the prescribed from provides that the undertaking last suggested, omits the penal clause, and follows the condition,—hence accomplishes that purpose.

The provision that, in the absence of the principal, any one may be recited as principal, varying the form accordingly, assumes that, with this exception, the prescribed form is to be followed, therefore it is to govern. The present undertaking follows this form.

As to the objection that it does not appear that the surety was a resident and property holder within the county, these two facts are jurisdictional, essential therefore to the perfecting of the appeal; they relate to the qualifications of the surety, and affect the sufficiency of the undertaking, and without a sufficient undertaking no appeal can be allowed; the appeal not allowed, no record or files can be certified, or sent up to district court, the case cannot reach that court, it can acquire no jurisdiction; being jurisdictional these two facts of qualification must affirmatively appear in the record. But how shall they be made to appear? The statute makes no provision for affirming them by affidavit or certificate. It is true, it provides that the surety must justify by affidavit as to sufficiency of property, and no just reason can be assigned why it should not have required him to justify by affidavit as to his other qualifications, but it does not, and thus indicates that such justification as to his other qualifications is not a pre-requisite. The statute does however provide that the justice shall approve of the undertaking, before allowing the appeal; this means that he must pass upon the sufficiency of the undertaking, its sufficiency as to form, and the qualifications of the surety; then his approval of the instrument is an affirmation that the surety is qualified, and, if his approval appears in the record, the affirmation appears there, and the statute is satisfied. Does the record show such an approval? His transcript shows

that, the undertaking being tendered to him, with the proper affidavit, he received them, filed the document, and allowed the appeal.

. The record also shows that he certified and sent up to the district court these documents, the other originals which were on file before him, and that transcript; therefore it appears affirmatively in the record that he approved of the undertaking.

The judgment of the district court is reversed with costs.

Judgment reversed.